■ MARLOS DEVELOPMENT CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 50443.) — Judgment unanimously modified on the law and facts by reducing the damages awarded to $58,070, and, as so modified, affirmed, without costs. Memorandum: The Court of Claims awarded claimant $76,360, with interest, for the taking of 2,214 square feet of land with improvements and for a temporary easement over 3,071 square feet used for access needed in order to raze the improvements thereon. The taking reduced claimant's lot from 7,608 square feet to 5,394 square feet. It also necessitated the complete demolition of a 2½ story frame building and a one story addition all used for four retail units and an upper apartment. The subject premises are located on the corner of Union Road and Seneca Street in the Town of West Seneca, Erie County, a highly commercialized retail area. The Court of Claims adopted completely claimant's appraisal value and found the highest and best use of the property was for assemblage with adjoining lands for purposes of commercial development. Claimant's appraiser found a land value of $9 a square foot before the taking and a $6 square foot value for land remaining after the taking. He placed the direct damage for land taken at $19,900 and the consequential damage to land remaining at $14,600. The comparable sales, size and location of the subject premises justify a land value of $6 a square foot based on a determination that the highest and best use of the property was the use to which it was being put, the retail commercial development of stores with one apartment above. The size and configuration of the parcel remaining prevent it from being used to the same advantage as prior to the taking due to reduced depth and square footage. The State's appraiser found a consequential damage to land remaining of $1.20 a square foot and the record supports a $2 a square foot damage to the remaining land. The award for the land appropriated in fee should be $13,300 and consequential damages to land remaining $10,800. The two structures demolished pursuant to the taking should be valued by capitalizing actual rents. Although two of the retail units were operated by the stockholders of claimant for the rental periods in question, the rents charged were fair and reasonable. By using a rate of 12% we arrive at a value for improvements taken of $31,700. The record supports an award of $2,270 for the temporary easement. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ.